UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SARAH CREWS,

                                    Plaintiff,                **ANSWER TO THE COMPLAINT**

    - against -

                                           Case No.: 3:17-cv-213 [MAD/DEP]

THE CITY OF ITHACA, JOHN R. BARBER,
Chief of Police,

                                 Defendants.

_____

       Defendants, the CITY OF ITHACA (the "City") and JOHN R. BARBER, Chief of Police, (hereinafter collectively referred to as "Defendants"), by and through their attorneys, Roemer Wallens Gold & Mineaux LLP (Earl T. Redding, of Counsel), as and for their Answer to the Complaint of Plaintiff SARAH CREWS (hereinafter "Plaintiff"), state and allege as follows:

      1.      Defendants admit the allegations contained in paragraph "1".

      2.      Defendants admit the allegations contained in paragraph "2".

      3.      Defendants deny the allegations contained in paragraph "3".

      4.      Defendants deny the allegations contained in paragraph "4".

      5.      Defendants deny the allegations contained in paragraph "5".

      6.      Defendants deny the allegations contained in paragraph "6".

      7.      Defendants deny the allegations contained in paragraph "7".

      8.      The allegations contained in paragraph "8" contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations as they present legal conclusions and questions of law to be determined by the Court.

9.      The allegations contained in paragraph "9" contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations as they present legal conclusions and questions of law to be determined by the Court.

10.     The allegations contained in paragraph "10" contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations as they present legal conclusions and questions of law to be determined by the Court.

11.     The allegations contained in paragraph "11" contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations as they present legal conclusions and questions of law to be determined by the Court.

12.     The allegations contained in paragraph "12" contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations as they present legal conclusions and questions of law to be determined by the Court.

13.     The allegations contained in paragraph "13" contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations as they present legal conclusions and questions of law to be determined by the Court.

14.     The allegations contained in paragraph "14" contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations as they present legal conclusions and questions of law to be determined by the Court.

15.     Defendants admit the allegations contained in paragraph "15".

16.     Defendants admit the allegations contained in paragraph "16".

17.     Defendants admit the allegations contained in paragraph "17".

18.     Defendants admit the allegations contained in paragraph "18".

19.     Defendants deny the allegations contained in paragraph "19".

20.     The allegations contained in paragraph "20" set forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

21.     As to the allegations contained in paragraph "21", Defendants admit Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 11, 2016.

22.     As to the allegations contained in paragraph "22", Defendants admit the EEOC issued a Dismissal and Notice of Suit Rights on November 28, 2016 and admit that this lawsuit was filed 87 days later on February 23, 2017.

23.     As to the allegations contained in paragraph "23", Defendants admit that Plaintiff was appointed effective to the position of Police Officer effective November 5, 2007.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "24" and therefore deny same.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "25" and therefore deny same.

26.     Defendants deny the allegations contained in paragraph "26".

27.     Defendants deny the allegations contained in paragraph "27" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's Hostile Work Environment claim.

28.     Defendants deny the allegations contained in paragraph "28" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's Hostile Work Environment claim.

29.     Defendants deny the allegations contained in paragraph "29" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's Hostile Work Environment claim.

30.     Defendants deny the allegations contained in paragraph "30" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's Hostile Work Environment claim.

31.     As to the allegations contained in paragraph "31", Defendants admit that the Ithaca City Police Department (hereinafter "IPD") employs a uniform policy with the option to wear a tie, lacks knowledge or information sufficient to form a belief as to whether in actual practice and custom the majority of officers do not wear a tie and denies the allegations to the extent they refer to Plaintiff's claims dismissed by the Court's March 21, 2018 Decision and Order.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "32" and therefore deny same.

33.     Defendants deny the allegations contained in paragraph "33" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's Hostile Work Environment claim.

34.     Defendants deny the allegations contained in paragraph "34" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's Hostile Work Environment claim.

35.     Defendants deny the allegations contained in paragraph "35" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's Hostile Work Environment claim.

36.     Defendants deny the allegations contained in paragraph "36" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's Hostile Work Environment claim.

37.     As to the allegations contained in paragraph "37", Defendants admit that IPD Policy GO-3019 became effective March 28, 2011 and rescinded IPD Policy GO-520, admit that IPD Policy GO-3020 became effective March 28, 2011 and amended IPD Policy G.O. 442, and refer the Court to these policies for the best evidence of their contents.

38.     As to the allegations contained in paragraph "38", Defendants admit that the paragraph cited refers to IPD Policy GO-520(III)(D)(5) and refer the Court to this policy for the best evidence of its contents.

39.     Defendants deny the allegations contained in paragraph "39".

40.     Defendants deny the allegations contained in paragraph "40".

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "41" and therefore deny same.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "42" and therefore deny same.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "43" and therefore deny same.

44.     Defendants deny the allegations contained in paragraph "44".

45.     Defendants deny the allegations contained in paragraph "45".

46.     Defendants deny the allegations contained in paragraph "46".

47.     Defendants deny the allegations contained in paragraph "47".

48.     Defendants deny the allegations contained in paragraph "48".

49.     As to the allegations contained in paragraph "49", Defendants admit that on May 27, 2015, Plaintiff emailed Sergeant Barry Banfield and copied Sergeant Michael Nelson writing that she was "giving you formal notice of my objection to my functioning as jailer to female prisoners, as required under GO-3020" and refer the Court to this email for the best evidence of its contents.

50.     Defendants deny the allegations contained in paragraph "50" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's beat assignments allegations as time barred.

51.     Defendants deny the allegations contained in paragraph "51" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's beat assignments allegations as time barred.

52.     Defendants deny the allegations contained in paragraph "52" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's beat assignments allegations as time barred.

53.     Defendants deny the allegations contained in paragraph "53" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's beat assignments allegations as time barred.

54.     Defendants deny the allegations contained in paragraph "54" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's beat assignments allegations as time barred.

55.     Defendants deny the allegations contained in paragraph "55" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

56.     Defendants deny the allegations contained in paragraph "56" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

57.     Defendants deny the allegations contained in paragraph "57" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

58.     Defendants deny the allegations contained in paragraph "58" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

59.     Defendants deny the allegations contained in paragraph "59" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

60.     Defendants deny the allegations contained in paragraph "60" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

61.     Defendants deny the allegations contained in paragraph "61" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

62.     Defendants deny the allegations contained in paragraph "62" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

63.     Defendants deny the allegations contained in paragraph "63" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

64.     Defendants deny the allegations contained in paragraph "64" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

65.     Defendants deny the allegations contained in paragraph "65" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

66.     Defendants deny the allegations contained in paragraph "66" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's October 2015 disciplinary allegations as time barred.

67.     As to the allegations contained in paragraph "67", Defendants admit on June 7, 2016, after 9 o'clock in the evening, that Sergeant Michael Nelson requested IPD Patrol Officers to have a Female Patrol Officer search a Female arrested for drugs.

68.     Defendants deny the allegations contained in paragraph "68".

69.     Defendants deny the allegations contained in paragraph "69".

70. As to the allegations contained in paragraph "70", Defendants admit that Lieutenant Garin called Plaintiff into the Supervisor's Office wherein she remained for approximately one hour and that Officer Jody Condzella from the Cornell Police Department was requested to search the Female arrestee whom needed to use the facilities, and deny all other allegations.

71. As to the allegations contained in paragraph "71", Defendants admit that Plaintiff and the Lieutenant spoke at length, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore deny what was said, admit that Jody Condzella from the Cornell Police Department was requested to search the Female arrestee whom needed to use the facilities, and deny all other allegations.

72. As to the allegations contained in paragraph "72", Defendants admit that Plaintiff was directed by a supervisor to search the female arrestee whom needed to use the facilities and that Plaintiff failed to do so, and deny all other allegations.

73. As to the allegations contained in paragraph "73", Defendants admit that Plaintiff was issued a Notice of Discipline dated July 27, 2016 for insubordination and courtesy for the matter on June 7, 2016 and for a matter on April 18, 2016, and refer the Court to the July 27, 2016 Notice of Discipline for the best evidence of its contents.

74. As to the allegations contained in paragraph "74", Defendants admit that Plaintiff failed to perform the search and deny all other allegations.

75. Defendants deny the allegations contained in paragraph "75".

76. Defendants admit the allegations contained in paragraph "76" and refer the Court to the July 27, 2016 Notice of Discipline for the best evidence of its contents.

77. Defendants deny the allegations contained in paragraph "77".

78. As to the allegations contained in paragraph "78", refer the Court to the July 27, 2016 Notice of Discipline for the best evidence of its contents and deny all other allegations inconsistent therewith.

8

79.     Defendants deny the allegations contained in paragraph "79".

80.     Defendants deny the allegations contained in paragraph "80".

81.     Defendants deny the allegations contained in paragraph "81".

82.     Defendants deny the allegations contained in paragraph "82".

83.     As to the allegations contained in paragraph "83", Defendants admit that on June 12, 2016 at 0500 hrs, Sergeant Matthew Cowen and Lieutenant Jeffrey Cole met with Plaintiff to discuss modifying the current search policies and deny all other allegations.

84.     As to the allegations contained in paragraph "84", Defendants admit that on June 12, 2016 at 0500 hrs, Sergeant Matthew Cowen and Lieutenant Jeffrey Cole met with Plaintiff to discuss modifying the current search policies and deny all other allegations.

85.     As to the allegations contained in paragraph "85", Defendants admit that on June 12, 2016 at 0500 hrs, Sergeant Matthew Cowen and Lieutenant Jeffrey Cole met with Plaintiff to discuss modifying the current search policies and deny all other allegations.

86.     Defendants deny the allegations contained in paragraph "86".

87.     Defendants deny the allegations contained in paragraph "87".

88.     As to the allegations contained in paragraph "88", Defendants admit that Attorney Grant mentioned the City of Albany Police Department's policy, that said Policy pertains to Prisoner Transportation and Medical Treatment, did not provide specific guidance on the matter at hand, and it was requested that Attorney Grant provide more information, and deny all other allegations.

89.     Defendants deny the allegations contained in paragraph "89".

90.     Defendants deny the allegations contained in paragraph "90".

**AS AND FOR DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST CAUSE OF ACTION:**

91.     As and for their answer to paragraph "91" Defendants repeat each and every paragraph of this answer as if set forth more fully therein.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "92" and therefore deny same.

93.     The allegations contained in paragraph "93" are legal conclusions to which no response is required.

94.     Defendants deny the allegations contained in paragraph "94".

95.     Defendants deny the allegations contained in paragraph "95".

96.     Defendants deny the allegations contained in paragraph "96".

97.     Defendants deny the allegations contained in paragraph "97".

98.     Defendants deny the allegations contained in paragraph "98".

**AS AND FOR DEFENDANTS' ANSWER TO**
**PLAINTIFF'S SECOND CAUSE OF ACTION:**

99.     As and for their answer to paragraph "99" Defendants repeat each and every paragraph of this answer as if set forth more fully therein.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "100" and therefore deny same.

101.    The allegations contained in paragraph "101" are legal conclusions to which no response is required.

102.    Defendants deny the allegations contained in paragraph "102".

103.    Defendants deny the allegations contained in paragraph "103".

104.    Defendants deny the allegations contained in paragraph "104".

105.    Defendants deny the allegations contained in paragraph "105".

106.    Defendants deny the allegations contained in paragraph "106".

**AS AND FOR DEFENDANTS' ANSWER TO**
**PLAINTIFF'S THIRD CAUSE OF ACTION:**

107.    As and for their answer to paragraph "107" Defendants repeat each and every paragraph of this answer as if set forth more fully therein.

108.    Defendants deny the allegations contained in paragraph "108".

109.    The allegations contained in paragraph "109" are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

110.    Defendants deny the allegations contained in paragraph "110" and refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss Plaintiff's Hostile Work Environment claim and dismissing various claims as time barred.

111.    Defendants deny the allegations contained in paragraph "111".

112.    The allegations contained in paragraph "112" are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

**AS AND FOR DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FOURTH CAUSE OF ACTION:**

113.    As and for their answer to paragraph "113" Defendants repeat each and every paragraph of this answer as if set forth more fully therein.

114.    As to the allegations contained in paragraph "114", Defendants refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss this claim.

115.    As to the allegations contained in paragraph "115", Defendants refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss this claim.

116.    As to the allegations contained in paragraph "116", Defendants refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss this claim.

117.    As to the allegations contained in paragraph "117", Defendants refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss this claim.

118.     As to the allegations contained in paragraph "118", Defendants refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss this claim.

119.     As to the allegations contained in paragraph "119", Defendants refer to the Court's March 21, 2018 Decision and Order, *inter alia*, granting Defendants motion to dismiss this claim.

**AS AND FOR DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIFTH CAUSE OF ACTION:**

120.     As and for their answer to paragraph "120" Defendants repeat each and every paragraph of this answer as if set forth more fully therein.

121.     The allegations contained in paragraph "121" is an apparent restatement of New York Executive Law § 296(1)(a) to which no response is required.  To the extent a response is required, Defendants refer the Court to this law for the best evidence of its contents.

122.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "122" and therefore deny same.

123.     Defendants deny the allegations contained in paragraph "123".

124.     Defendants deny the allegations contained in paragraph "124".

125.     Defendants deny the allegations contained in paragraph "125".

126.     Defendants deny the allegations contained in paragraph "126".

**AS AND FOR DEFENDANTS' ANSWER TO**
**PLAINTIFF'S SIXTH CAUSE OF ACTION:**

127.     As and for their answer to paragraph "127" Defendants repeat each and every paragraph of this answer as if set forth more fully therein.

128.     The allegations contained in paragraph "128" is an apparent restatement of New York Executive Law § 296(1)(a) to which no response is required.  To the extent a response is required, Defendants refer the Court to this law for the best evidence of its contents.

129.     Defendants deny the allegations contained in paragraph "129".

130.    Defendants deny the allegations contained in paragraph "130".

131.    Defendants deny the allegations contained in paragraph "131".

132.    Defendants deny the allegations contained in paragraph "132".

### AS AND FOR DEFENDANTS' ANSWER TO
### PLAINTIFF'S SEVENTH CAUSE OF ACTION:

133.    As and for their answer to paragraph "133" Defendants repeat each and every paragraph of this answer as if set forth more fully therein.

134.    The allegations contained in paragraph "134" is an apparent restatement of New York Executive Law § 296(1)(e) to which no response is required.  To the extent a response is required, Defendants refer the Court to this law for the best evidence of its contents.

135.    Defendants deny the allegations contained in paragraph "135".

136.    Defendants deny the allegations contained in paragraph "136".

137.    Defendants deny the allegations contained in paragraph "137".

138.    Defendants deny the allegations contained in paragraph "138".

139.    Defendants deny the allegations contained in paragraph "139".

### AS AND FOR DEFENDANTS' ANSWER TO
### PLAINTIF'S EIGHTH CAUSE OF ACTION:

140.    As and for their answer to paragraph "140" Defendants repeat each and every paragraph of this answer as if set forth more fully therein.

141.    The allegations contained in paragraph "141" is an apparent restatement of 42 USC § 1983 to which no response is required.  To the extent a response is required, Defendants refer the Court to this law for the best evidence of its contents.

142.    Defendants deny the allegations contained in paragraph "142".

143.    Defendants deny the allegations contained in paragraph "143".

144.    Defendants deny the allegations contained in paragraph "144".

### AS AND FOR DEFENDANTS' RESPONSE TO THE JURY DEMAND:

145.    Defendants refer this matter of law to the Court.

146.   Defendants deny each and every allegation in the Complaint not specifically admitted and that infers, alleges or tends to allege that Defendants acted in any way contrary to constitutional, federal, state, statutory, regulatory or common law.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:**

147.   Plaintiff fails to state causes of action against the Defendants upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:**

148.   The documentary evidence proves that the Defendants are not liable.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:**

149.   At all times, Defendants acted reasonably, in good faith, for legitimate lawful and justified reasons which were not willful and without malice.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:**

150.   The assignment Plaintiff to conduct searches of Female suspects, those in custody and arrested pursuant to policies are proper based on a bona fide occupational qualification and not based up discriminatory animus.

151.   The Search and Jail Policies of the IPD are legitimate bona fide occupational qualifications of a Police Officer.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:**

152.   Plaintiff did not suffer an adverse employment action.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:**

153.   To the extent required, Plaintiff failed to file a notice of claim prior to initiating this lawsuit.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

154.    Plaintiffs' claims related to discipline are barred by waiver, consent and their own

actions.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

155.    The Complaint fails to state a cause of action upon which an award of

compensatory, liquidated or punitive damages or attorneys' fees can be awarded.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

156.    Plaintiffs are not entitled to any of the relief requested.

157.    Defendants have not violated Plaintiffs' rights and, to the contrary, Defendants

treated Plaintiffs in accordance with the law.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

158.    Defendants assert the defenses of qualified immunity and absolute immunity.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

159.    Defendants assert allegations not previously presented to the EEOC or made part

of their Notices of Claim.

160.    Plaintiff has set forth in this Complaint various allegations and/or causes of action

which were not part of their Charges of Discrimination filed with the Equal Employment

Opportunity Commission or set forth in the complaint.  Any and all of Plaintiff's causes of action

and/or allegations which were not filed with the EEOC as part of a Charge of Discrimination

prior to the commencement of this action are barred, should be dismissed and should not be

allowed for use against Defendants at any trial in this matter.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:**

161.    Defendant Barber is not individually liable for any and all violations alleged by Plaintiffs under Title VII of the Civil Rights Laws of 1964 and the Court lacks in personam jurisdiction over Defendant in his individual capacity.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:**

162.    Plaintiff fails to state a cause of action for Equal Protection.

163.    Plaintiff has not been treated differently from similarly situated employees.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE,
THE DEFENDANTS ALLEGE AS FOLLOWS:**

164.    Defendants did not retaliate against Plaintiff.  The July 2016 Notice of Discipline was issued legitimately and for appropriate purposes.

WHEREFORE, the answering Defendants demand:

(1)    Judgment dismissing the Complaint in its entirety;

(2)    If plaintiff recovers a judgment, then Defendants demand a diminution of the recoverable damages by an amount that constitutes the equitable proportion of the damages caused by plaintiff's own conduct;

(3)    Judgment declaring that the procedures, policies and actions were proper and in compliance with pertinent laws.

(4)    The costs, disbursements and attorneys' fees associated with this action;

(5)    Such other and further relief as the Court deems just and proper.


[ signature  page to follow ]

Dated: Albany, New York
      April 2, 2018

                        Respectfully submitted,

                            ROEMER WALLENS GOLD & MINEAUX LLP
                            <u>Attorneys for Defendants</u>

                    By:    <u>*s/ Earl T. Redding, Esq.*</u>
                            Earl T. Redding, Esq.
                            (NDNY Bar Roll No.: 514583)
                            Office & P.O. Address:
                            13 Columbia Circle
                            Albany, New York 12203
                            Tel. No.: 518.464.9589
                            Fax No.: 518.464.1010

TO:    Edward E. Kopko, Esq.
        Kevin Levine, Esq.
        Client